19 F.3d 22
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gary ROUX, Plaintiff-Appellant,
v.
Jim GREER, Patricia C. Maybarry, Philip L. Tinsley, et al.,
Defendants-Appellees.
 No. 93-1932.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 25, 1994.*
Decided March 3, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Twenty-nine months passed between the time Gary Roux filed his complaint in this case and service properly was executed on defendant Michael Lane. Another four months passed before Lane responded to the complaint. Taking an earlier cue from a magistrate judge, Roux asked for entry of default against Lane several days after Lane had responded. The district court denied the request in a marginal order and several months later entered judgment in favor of all defendants. Roux appealed and raises one issue. He claims that the district court should have granted his request for a default judgment against Lane for failure to timely answer Roux's complaint.
 
 
 2
 A more familiar scenario finds a litigant trying to avoid a default judgment entered against him, a harsher decision than what happened here. But just as we are increasingly reluctant to reverse refusals to set aside a default judgment, Phillips Medical Systems International B.V. v. Bruetman, 8 F.3d 600 (7th Cir.1993), we too are disinclined to interfere when a district judge decides to overlook a default, Dimmitt & Owens Financial, Inc. v. United States, 787 F.2d 1186, 1192 (7th Cir.1986), and review a decision not to enter a default deferentially. Whitfield v. Illinois Board of Law Examiners, 504 F.2d 474, 479 (7th Cir.1974); Duling v. Markun, 231 F.2d 833, 836 (7th Cir.1956). The district court denied Roux's request for entry of default because Lane's answer and motion to dismiss both were filed before Roux's request and showed that Lane had a meritorious defense. We cannot say that under the circumstances the district court abused its discretion.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)